IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 74 FRINGE BENEFIT FUNDS, | ) ) ) ) ) No. ) ) Judge ) ) ) Magistrate Judge ) ) ) | FILED: AUGUST 20, 2008 08CV4739 JUDGE GUZMAN MAGISTRATE JUDGE VALDEZ BR |
| Plaintiffs, | | |
| v. | | |
| MIRANDA CONSTRUCTION, INC., an Illinois corporation | | |
| Defendant. | | |

## COMPLAINT

Plaintiffs, Trustees of the Bricklayers and Allied Craftsmen Local 74 Fringe Benefit Funds, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, complain against Defendant, **MIRANDA CONSTRUCTION, INC.** as follows:

## COUNT I

1.   (a)   Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(a) as amended.

(b)   Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2.   Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3.   (a)   The Plaintiffs in this count are Trustees of the Bricklayers and Allied Craftsmen Local 74 Fringe Benefit Funds ("Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b)   The Funds have been established pursuant to collective bargaining

agreements previously entered into between the Bricklayers and Allied Craftsmen Local 74 (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

   (c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

  4. (a) Defendant, **MIRANDA CONSTRUCTION, INC. ("MIRANDA")**, is an Illinois employer doing business within this Court's jurisdiction.

   (b) **MIRANDA** is an employer engaged in an industry affecting commerce.

  5. Since on or about **April 1, 2006 MIRANDA** has entered into successive collective bargaining agreement with the Union pursuant to which they are required to make periodic contributions to the Funds on behalf of certain of its employees (Exhibit "A").

  6. By virtue of certain provisions contained in the collective bargaining agreements, **MIRANDA** is bound by the Trust Agreement establishing the Funds.

  7. Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **MIRANDA** is required to make contributions to the Funds on behalf of its employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

  8. Since **April 1, 2006, MIRANDA** has admitted, acknowledged and ratified the collective bargaining agreements entered into with the Union by filing periodic report forms with the Funds by making some but not all of the periodic payments to the Funds as required by the

collective bargaining agreements.

9.  Plaintiffs are advised and believe that for **April 1, 2006 to the present, MIRANDA,** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreements and Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.  **MIRANDA** be ordered to submit to an audit for **April 1, 2006 to the present**.

B.  Judgment be entered in the amount due on the audit against **MIRANDA**.

C.  Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502 (g)(2).

D.  **MIRANDA** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E.   This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 74 FRINGE BENEFIT FUNDS,**


By:___s/Donald D. Schwartz_____
    One of their Attorneys

Donald D. Schwartz
**ARNOLD AND KADJAN**
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

4

## MEMORANDUM OF UNDERSTANDING
## (DISTRICT COUNCIL PLASTERERS AGREEMENT)

IT IS HEREBY STIPULATED AND AGREED by and between

Name of Contractor __MIRANDA CONSTRUCTION INC__ please indicate

Address __9221 N SAYRE__

__MORTON GROVE, IL 60053__

__X__ Corporation
___ Partnership
___ Sole Owner
___ Other Specify

Telephone (__847__) __966-0163__   FEIN# _____

(the "Employer") and Illinois District Council No. 1 of the International Union of Bricklayers and Allied Craftworkers, consisting of Local Union Nos. 20, 21 27, 56 and 74 (the "Union"), as follows:

1. The Employer hereby recognizes the Union as the sole and exclusive collective bargaining agent for all Plasterers and Apprentices employed by the Employer (the "Employees") for the purpose of establishing rates of pay, wages, fringe benefit contributions, hours of employment and other terms and conditions of employment for the Employees for work performed within the geographic jurisdiction of the Union. The Employer agrees that, upon the Union's showing or offering to show evidence that a majority of Employees authorize the Union to represent them for purposes of collective bargaining, the Employer recognizes the Union as their representative under Section 9(a) of the National Labor Relations Act.

2. The Employer agrees to be bound by the terms and conditions of employment set forth in the agreement between Local Nos. 56 and 74 and the GDCNI/CAWCC (the "Association Agreement"), except as modified by this Memorandum of Understanding. References to the "Union" in the Association Agreement shall mean the Union as defined in this Memorandum of Understanding.

3. If, as of the day following expiration of the then existing Association Agreement ("Commencement Date"), an Association Agreement is not in effect, the terms and conditions, other than those relating to duration and termination, of the Association Agreement expiring immediately prior to the Commencement Date, shall establish the terms and conditions of employment for the Employees for a period of sixty days beginning with the Commencement Date, or until a new Association Agreement is effective, whichever occurs first, following which the terms and conditions set forth in the new Association Agreement, if any, shall be in full force and effect. Within thirty days of the execution date of the new Association Agreement, the Employer shall make retroactive payments to all employees for all increased wages and benefits as provided in the new Association Agreement, for work performed between the Commencement Date and the time that such new Association Agreement is effective. The Union, at its sole discretion, and at any time, may terminate this paragraph of this Memorandum of Understanding by giving the Employer written notice of such termination.

4. This Memorandum of Understanding shall remain in effect and shall be governed by

Association Agreements entered into in the future and covering future time periods unless and until it has been terminated by either party giving written notice of termination to the other not less than 60 and not more than 90 days prior to the termination date of the Association Agreement then in effect, in which event this Memorandum of Understanding shall terminate on the last day of that Association Agreement. In the event that no such timely notice is given, this Memorandum of Understanding shall remain in effect until terminated in accordance with its terms.

5. The Employer agrees to pay the amounts of the contributions which it is bound to pay to the several fringe benefit funds described in the Association Agreement as well as to the other health and welfare and pension funds associated with Bricklayers and Allied Craftworkers Illinois Local Nos. 20, 21 27, 56 and 74, which other fringe benefit funds are deemed to be included in the list of funds in the Association Agreement and agrees to and is hereby bound by and considered to be a party to the agreements and declarations of trust creating each of said trust funds, together with any restatements or amendments thereto which have been or may be adopted, as if it had been a party to and signed the original copies of the trust instruments. The Employer ratifies and confirms the appointment of each of the employer trustees, who shall, together with their successor trustees designated in the manner provided in said agreements and declarations of trust, and, where applicable, jointly with an equal number of trustees representing employees, carry out the terms and conditions of the trust instruments.

6. Any agreement or memorandum of understanding previously executed by the parties is hereby superseded by this Memorandum of Understanding.

Dated this 1ST day of APRIL 2006

Name of Employer: MIRANDA CONSTRUCTION INC

Contract signed by: _____

Please spell Name: Ciriaco Miranda

Illinois District Council No. 1 of the International Union of Bricklayers and Allied Craftworkers

By: _____
Union Representative

Job Location: PRE-JOB
Received By: STEVEN O.

## RECOGNITION AGREEMENT

Bricklayers and Allied Craftworkers, Local Union Nos. 56 & 74 & Illinois District Council #1 (D.C.#1) claim to have been authorized by a majority of the Employer's Plasterers to represent them in collective bargaining. On that basis, Locals 56 & 74 & D.C. #1 have requested recognition from the undersigned Employer ("the Employer") as the sole and exclusive representative of those employees under Section 9 (a) of the National Labor Relations Act, 29 U.S.C. 159 (a), and has demonstrated an evidentiary basis for it's claim of majority support. The Employer hereby acknowledges that Locals 56 & 74 & D.C. #1 is authorized to represent its employees in collective bargaining. On the basis of Locals 56 & 74 & D.C. #1 having demonstrated an evidentiary basis of its majority support, the Employer hereby recognizes Locals 56 & 74 & DC#1 as the exclusive bargaining agent under Section 9(a) of the National Labor Relations Act, 29 U.S.C. 159 (a), of all full-time and regular part-time Plasterers on all present and future job sites within the jurisdiction of Locals 56 & 74 & District Council #1.

Dated: 4/1/06    By: _____
Steve R. Nelms – Representative B.A.C. Locals 56 & 74 & DC#1

Dated: 4/1/06    By: _____
Ciriaco Miranda on behalf of Miranda Construction Inc.